DA 08-0455

IN THE SUPREME COURT OF THE STATE OF MONTANA

2009 MT 206N

IN RE THE MARRIAGE OF
MARY E. ELINGS, f/k/a, MARY E. YAGER,

       Petitioner and Appellant,

  and

JEFFREY M. YAGER,

       Respondent and Appellee.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DR 03-1214
Honorable Susan P. Watters, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          James A. Hubble; Hubble, Ridgeway, Westveer & Perry,
          Stanford, Montana

      For Appellee:

          Elizabeth J. Honaker; Honaker Law Firm, Billings, Montana
          James Graves; Graves & Toennis, Billings, Montana

Submitted on Briefs:  May 19, 2009

Decided:  June 12, 2009

Filed:

_____
                    Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 The Thirteenth Judicial District Court, Yellowstone County, denied Mary E. Elings' motion to modify the parenting plan concerning her child with Jeffrey M. Yager. Elings appeals.

¶3 The issues are whether the District Court erred in denying Elings' motion for an order requiring Yager to submit to a home inspection and interview by Elings' proposed expert, in refusing to let the proposed expert testify as an expert and file a report, and in concluding Elings had failed to prove a change in circumstances of the child necessitating amendment of the parenting plan to serve the child's best interests.

¶4 In denying Elings' motion for an order requiring a home inspection and interview of Yager by Elings' proposed expert, the District Court stated Yellowstone County Court Services had recognized a conflict between Elings' proposed expert and Yager's attorney resulting in the proposed expert not being assigned to do custody evaluations in cases involving Yager's counsel and, in any event, the court did not deem it helpful to hear from a second custody evaluator—a court-appointed custody evaluator had previously

2

submitted a report. The court suggested the parties could hire or it could appoint an evaluator who did not have conflicts with counsel to prepare an updated custody evaluation. That was not done. As a result, Elings' proposed expert could offer only a one-sided opinion. We review evidentiary rulings for abuse of discretion. *McDermott v. Carie, LLC*, 2005 MT 293, ¶ 10, 329 Mont. 295, 124 P.3d 168.

¶5 Elings argues the District Court should have made certain findings which it did not. The existence of evidence which might support a finding does not require a district court to make that finding. *Madison Addition Architectural Comm. v. Youngwirth*, 2000 MT 293, ¶ 17, 302 Mont. 302, 15 P.3d 1175. Further, Elings does not challenge as clearly erroneous any specific findings made by the court. When the findings upon which a modification decision is predicated are not clearly erroneous, we will reverse the district court's decision only where an abuse of discretion is clearly demonstrated. *Jacobsen v. Thomas*, 2006 MT 212, ¶ 13, 333 Mont. 323, 142 P.3d 859.

¶6 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions. The issues on appeal involve matters of judicial discretion, and Elings has not established an abuse of discretion.

¶7 Affirmed.


/S/ MIKE McGRATH

We concur:

/S/ JAMES C. NELSON
/S/ BRIAN MORRIS
/S/ JIM RICE
/S/ W. WILLIAM LEAPHART


Justice Jim Rice, specially concurring.

¶8     I believe Elings' briefing raises several legitimate concerns about the current custodial arrangement, but these concerns are pertinent to consideration of the child's best interest.  Because I cannot conclude that the District Court erred in making the threshold determination that there had not been a "change in circumstances" required by statute—especially in view of the short time which had elapsed since adoption of the previous parenting plan—the issue of the child's best interest cannot be reached, and I thus concur in affirming the District Court.


                                        /S/ JIM RICE